# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Fidelity and Deposit Company of Maryland,<br><br>Plaintiff,<br><br>v.<br><br>F.A.S.T. Systems, Inc., et al.,<br><br>Defendants. | Case No.: 2:13-cv-861-JAD-CWH<br><br>**Order Denying Without Prejudice Plaintiff's Motion for Entry of Default Judgment [Doc. 14]** |

This action stems from plaintiff Fidelity and Deposit Company of Maryland's allegations that certain indemnity agreements were executed which entitled Fidelity to indemnification in connection with certain performance, payment, and license bonds. Doc. 4 at 2-3. Fidelity originally sued F.A.S.T. on May 16, 2013, alleging a single cause of action for indemnity / exoneration. *Id.* at 4-5. Fidelity then amended its complaint on June 20, 2013, dropping F.A.S.T. as a defendant and adding defendants Joshua D. McConnico and Kimberly McConnico. Doc. 4 at 2. The McConnicos failed to plead or otherwise respond to within the time period required by the Federal Rules of Civil Procedure; on November 19, 2013, Fidelity moved for a clerk's entry of default against the McConnicos, which it received the next day. Docs. 12, 13. 271 days later, on August 18, 2014, the clerk of court issued notice pursuant to Local Rule 41-1, advising Fidelity that "If no action is taken in this case by 09/17/2014, this office will make application to the court for dismissal for want of prosecution." Doc. 13 at 1.

On September 16, 2014, Fidelity moved for a default judgment against the McConnicos. Doc. 14. Its three-page motion reiterates the monetary claims in dispute, cites the dates the complaint was served, and requests entry of a default judgment for "a sum certain." *Id.* It also incorporates by reference the indemnity agreement attached to its complaint. *Id.* at 2. Fidelity also incorporates a two-page affidavit from its counsel Robert J. Berens, who affirms that, to the best of his knowledge and belief, neither defendant is enlisted in the United States armed services. Doc. 15 at 1.

Federal Rule of Civil Procedure 55 provides a mechanism for obtaining a default judgment against a party who has failed to plead or otherwise respond to claims brought against it. After clerk's entry of default, the movant must request a default judgment from the court under Rule 55(b)(2).[1] A district court has discretion to enter a judgment by default, which typically turns on the consideration of seven factors: (1) potential prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount of money at stake in the action; (5) the potential disputes as to material facts; (6) whether the default was due to excusable neglect; and (7) the strong federal policy favoring adjudications on the merits.[2]

Fidelity's motion does not discuss any of the *Eitel* factors or even cite the controlling authority. Instead, it incidentally raises the merits of its two claims, the relevant filing dates, and the monetary amounts at issue—an effort insufficient to satisfy its burden in seeking a default judgment. Fidelity may re-file its motion for default judgment within 30 days with a detailed and properly supported discussion of why its claims for relief satisfy the factors identified in *Eitel* and its progeny.[3] Fidelity is cautioned that having already received a Local Rule 41-1 Notice from the clerk's office, its failure to adequately file a properly supported motion for default judgment within 30 days or otherwise prosecute its suit against the McConnicos will lead to dismissal of this action without further notice under Federal Rule of Civil Procedure 41(b) for failure to prosecute this action.[4]

---

[1] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada v. Tumbleweed Development, Inc.*, 2013 WL 143378, at *2 (D. Nev. Jan. 11, 2013) (citing *Eitel*).

[2] *See Eitel*, 782 F.2d at 1471-72.

[3] *See, e.g.*, *Rimlinger v. Shenyang 245 Factory*, 2014 WL 2527147 (D. Nev. June 4, 2014); *U.S. S.E.C. v. Brandonisio*, 2013 WL 5371626 (D. Nev. Sept. 24, 2013); *Trustees of Teamsters Local 631 Sec. Fund for Southern Nevada v. Knox Installation-Dismantling and Services, Inc.*, 2013 WL 4857897 (D. Nev. Sept. 9, 2013).

[4] *See* Fed. R. Civ. Proc. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**Conclusion**

IT IS HEREBY ORDERED that Fidelity's Motion for Entry of Default Judgment **[Doc. 14] is DENIED WITHOUT PREJUDICE** to the filing of a properly supported motion within 30 days. Failure to file a timely and properly supported motion for default judgment or otherwise prosecute its suit against the McConnicos will result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute this action without further notice.

DATED: December 3, 2014.

_____
Jennifer A. Dorsey
United States District Judge