1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND,

    Plaintiff,

vs.

F.A.S.T. SYSTEMS, INC., et al.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:13-cv-00861-JAD-CWH

**REPORT & RECOMMENDATION**

   Presently before the Court is Plaintiff Fidelity and Deposit Company of Maryland's ("Fidelity") Renewed Motion for Entry of Default Judgment (ECF No. 18) against Defendants Joshua T. McConnico and Kimberly McConnico.  Also before the Court is Fidelity's Supplement to Renewed Motion for Entry of Default Judgment.  (ECF No. 21.)  No opposition has been filed.

## I. BACKGROUND

   This case arises out of a dispute related to nine performance, payment, and/or license bonds that Fidelity issued on behalf of F.A.S.T. Systems, Inc. d/b/a Fire Alarm Securities Technologies ("FAST") for various construction projects.  (Am. Compl. (ECF No. 4) at 2-3.)  Defendants Joshua T. McConnico and Kimberly McConnico (the "McConnicos") executed an indemnity agreement in consideration for Fidelity's issuance of the bonds on behalf of FAST.[1]  (*Id.* at 2; Ex. B (ECF No. 4-2) at 2-21.)  Under the indemnity agreement, the McConnicos agreed to:

    exonerate, indemnify, and keep indemnified [Fidelity] from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interests, court costs and counsel fees) and from and against any and all losses and/or expenses which [Fidelity] may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or [the McConnicos] to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement.

---

[1]  The indemnity agreement states that Joshua T. McConnico is the President/CEO of FAST. (Am. Compl., Ex. A at 7.)

1    (Am. Compl. at 2, Ex. A at 1.)  Fidelity alleges it has received numerous claims on the bonds.

2    (Am. Compl. at 3-4.)  Fidelity further alleges the McConnicos have not indemnified Fidelity for

3    Fidelity's losses related to the claims.[2]  (*Id.* at 3-5.)

4         On June 20, 2013, Fidelity filed an Amended Complaint bringing claims for

5    indemnity/exoneration (count one) and breach of contract (count two) against the McConnicos

6    based on their failure to indemnity Fidelity under the indemnity agreement.  (*Id.* at 4-5.)  The

7    McConnicos were personally served with process on July 27, 2013, but they did not answer or

8    otherwise appear in this case.  (Summons Returned Executed (ECF Nos. 8, 9).)  Fidelity moved for

9    entry of Clerk's default, and the Clerk entered default.  (Mot. for Entry of Clerk's Default (ECF No.

10   11); Default (ECF No. 12).)  Fidelity subsequently moved for default judgment.  (Mot. for Default

11   J. (ECF No. 14).)

12        On December 3, 2014, the Court denied Fidelity's motion for default judgment, without

13   prejudice, for Fidelity's failure to address the factors set forth in *Eitel v. McCool*, 782 F.2d 1470

14   (9th Cir. 1986).  (Order (ECF No. 17).)  The Court directed Fidelity to file a properly supported

15   motion for default judgment within thirty days of its Order.  (*Id.* at 3.)  Fidelity timely filed its

16   renewed motion for default judgment on December 29, 2014.  (Renewed Mot. for Entry of Default

17   J. ["Renewed Motion"] (ECF No. 18).)  As ordered by the Court, Fidelity filed a supplement to its

18   renewed motion for default judgment on August 27, 2015, which provides additional evidence

19   regarding damages.  (Order (ECF No. 20); Supp. to Renewed Motion for Entry of Default J.

20   ["Supp. Mot."] (ECF No. 21).)  In its supplemental motion, Fidelity clarifies it only paid claims and

21   suffered losses on Bond No. 9017668.  (Supp. Mot. at 2.)  Fidelity also provides an itemization and

22   supporting documentation of the losses related to Bond No. 9017668 on a claim-by-claim,

23   payment-by-payment basis.  (*Id.*; Second Decl. of Penny L. Bellinger (ECF No. 21-1) at 2-3, 6-16.)

24

25   _____

26   [2] Fidelity alleges it incurred legal fees and other expenses related to investigating and adjusting
     the claims made against the bonds.  (Am. Compl. at 5.)  However, in its Supplement to Renewed Motion

27   for Entry of Default Judgment, Fidelity clarifies it is no longer seeking these amounts to be included in
     the default judgment.  (Supp. to Renewed Mot. for Default J. (ECF No. 21) at 1, 3; Second Decl. of

28   Penny L. Bellinger (ECF No. 21-1 at 2-3).)

1  Based on this evidence, Fidelity requests default judgment in the amount of $2,472,692.71. (Supp.

2  Mot. at 3; Second Decl. of Penny L. Bellinger at 2-3.)

3  **II.     ANALYSIS**

4          Under Federal Rule of Civil Procedure 55(b)(2), the Court may enter default judgment if the

5  Clerk previously has entered default based on the defendants' failure to defend. After entry of

6  default, the factual allegations in the complaint are taken as true. *Geddes v. United Fin. Grp.*, 559

7  F.2d 557, 560 (9th Cir. 1977). Whether to grant a default judgment lies within the Court's

8  discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In deciding whether to enter a

9  default judgment, the Court considers factors such as:

10         (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
           substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake
11         in the action; (5) the possibility of a dispute concerning material facts; (6) whether
           the default was due to excusable neglect, and (7) the strong policy underlying the
12         Federal Rules of Civil Procedure favoring decisions on the merits.

13 *Id.* at 1471-72. A default judgment generally is disfavored because "[c]ases should be decided

14 upon their merits whenever reasonably possible." *Id.* at 1472.

15         Default judgment is appropriate under the circumstances in this case. Fidelity pursued its

16 claims against the McConnicos to recover the substantial sum of money that Fidelity expended in

17 adjusting the claims made against Bond No. 9017668. The McConnicos have failed to participate

18 in this case despite being personally served with process and being served with Fidelity's original

19 motion for default judgment and its renewed motion for default judgment via U.S. Mail.

20 (Summonses Returned Executed (ECF Nos. 8, 9); Certificates of Service (ECF Nos. 16, 19).)

21 Given the McConnicos' failure to participate in this case, Fidelity would be prejudiced by having to

22 expend additional resources litigating an action that appears to be uncontested.

23         The Amended Complaint sufficiently sets forth Fidelity's claims under the liberal pleading

24 standard in Rule 8 of the Federal Rules of Civil Procedure. Further, Fidelity's claims have

25 substantive merit based on the indemnity agreement attached to the Amended Complaint, the

26 declaration and payment/history reports provided with the renewed motion, and the additional

27 declaration provided in support of Fidelity's supplemental motion. (Am. Compl. at Ex. A;

28 Renewed Mot. at Ex. A; Second Decl. of Penny L. Bellinger.) As for the amount at issue, Fidelity

provides evidence indicating the gross amount it paid on claims relating to Bond No. 9017668 was $2,545,931.54. (Second. Decl. of Penny L. Bellinger at 2-3, 6-16.) However, Fidelity requests default judgment in the amount of $2,472,692.71, which accounts for contract funds paid to Fidelity as well as subrogation recovery received from the McConnicos and/or FAST. (*Id.* at 2-3.) Although the sum of money at stake in this case is substantial, Fidelity provides evidence indicating it expended the amount in adjusting the claims on the bond at issue. (*Id.* at 2-3, 6-16.) Given the McConnicos' failure to participate in this case, a dispute over this amount or any other material facts is unlikely.

There is no evidence that the McConnicos' default in this case is due to excusable neglect. Despite being personally served with process and being served with the original motion for default judgment and the renewed motion for default judgment via U.S. Mail, the McConnicos have not responded. Given the McConnicos' failure to participate in this case, a decision on the merits is "impractical, if not impossible." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002.) Entry of a default judgment therefore is appropriate.

## III. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Plaintiff Fidelity and Deposit Company of Maryland's Renewed Motion for Entry of Default Judgment (ECF No. 18) be GRANTED.

IT IS FURTHER RECOMMENDED that Judgment be entered in favor of Plaintiff Fidelity and Deposit Company of Maryland and against Defendants Joshua T. McConnico and Kimberly McConnico in the amount of $2,472,692.71.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IV.     NOTICE**

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 28, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

5